IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE AMOROSI | : | CIVIL ACTION |
| | : | NO. 09-1223 |
| v. | : | |
| | : | |
| ANTHONY MOLINO, METHODIST | : | |
| HOSPITAL AND ARAMARK | : | |

O'NEILL, J.                                                                APRIL 28, 2010

MEMORANDUM

Plaintiff filed her complaint on March 24, 2009 seeking declaratory and injunctive relief, damages, attorney's fees and other relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and § 12203, et seq., and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, et seq. Defendants Anthony Molina and Aramark Healthcare Support Services, LLC filed a joint motion to dismiss and defendant Thomas Jefferson University Hospitals, Inc., Methodist Hospital Division separately moved to dismiss. I have before me plaintiff's identical responses to the two motions and the joint reply of defendants Molina and Aramark. I will dismiss plaintiff's ADA and PHRA claims.

BACKGROUND

Plaintiff was employed by both Methodist Hospital and Aramark from approximately December 4, 2000 until August 16, 2005. On December 27, 2006, she filed a lawsuit against defendants alleging violations of the ADA and the Philadelphia Fair Practice Ordinance. On September 18, 2007, plaintiff went to Methodist Hospital's public cafeteria to speak with one of its employees concerning her complaint. Defendant Molino along with uniformed security

guards escorted plaintiff out of the cafeteria, into the elevator, out the front door and onto the street. Molina told plaintiff in the presence of other people that she was not allowed in the hospital because she was suing them. Security posted an enlarged photo of plaintiff for the purpose of identifying plaintiff if she attempted to enter the premises. On February 26, 2008, plaintiff filed a claim alleging retaliation against defendants with the EEOC and the PHRC.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v.

2

UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11 (quoting Iqbal, 129 S. Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## ANALYSIS

The ADA provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under [the ADA]." 42 U.S.C. § 12203(a).[1] "Thus, it is unlawful for an employer to retaliate against an employee based upon the employee's opposition to anything that is unlawful under the ADA." Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 188 (3d Cir.

---

[1] Plaintiff argues in her response that her complaint could also be fairly construed to invoke the Interference, Coercion or Intimidation provision found in the ADA. 42 U.S.C. § 12203(b) ("It shall be unlawful to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed . . . any right granted or protected by this chapter.").

2003).  "[I]n order to establish a prima facie case of illegal retaliation under the anti-discrimination statutes, a plaintiff must show: '(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action.'"  Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567-68 (3d Cir. 2002) (quoting Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997)); see also Regional Economic Community Action Program, Inc. v. City of Middletown, 294 F.3d 35, 54 (2d Cir. 2002) (requiring the plaintiff to establish that it was engaged in protected activity, that the defendant was aware of this activity, that the defendant took adverse action against the plaintiff, and a causal connection exists between the protected activity and the adverse action in a case involving 42 U.S.C. § 12203(b)).

The Supreme Court has clarified that in order to constitute an adverse action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-68, 126 S. Ct. 2405, 2414-15 (U.S. 2006) (internal quotations and citations omitted); see also Grubic v. City of Waco, 262 Fed. Appx. 665, 667 (5th Cir. 2008) (recognizing Burlington Northern was a Title VII case but that it applies in an ADA retaliation action because courts apply the same analysis to ADA and Title VII retaliation claims).  Whether an action is materially adverse "often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed."  Id.  The Supreme Court stated that "excluding an

4

employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination." Id. Similarly, ordering an employee to do work assignments that are "more arduous and dirtier" may constitute "materially adverse" action. Id. at 2417.

Even assuming defendants were aware of plaintiff's lawsuit and she was escorted off the premises because she had filed the lawsuit, plaintiff has failed to state a claim of retaliation under the ADA. Being escorted out of a hospital's cafeteria is not a materially adverse action. A reasonable person would not be dissuaded from making or supporting a charge of discrimination based on this trivial harm.[2] Indeed, plaintiff could have proceeded to speak with the employee after the employee's shift was over off the hospital's premises or plaintiff could have noticed the employee's deposition for use in the pending lawsuit. Accordingly, plaintiff's ADA and PHRA retaliation claims will be dismissed.[3]

---

[2] Plaintiff does not allege that she has been prevented from using the medical services of the hospital.

[3] Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002) ("the PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently.") (citing Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996)).